**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

   Plaintiff,

      v.

WILLIAM MARTIN BOWMAN,

   Defendant.

Criminal No. 11-00129-2 (CKK)
Civil No. 17-2182 (CKK)

**MEMORANDUM OPINION**
December 3, 2018

Presently before the Court is Defendant William Bowman's [961] Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant, William Bowman ("Mr. Bowman" or "Defendant"), who is proceeding *pro se*, requests that this Court vacate or reduce his sentence based upon his claims of ineffective assistance of counsel and his challenges to the constitutionality of his sentence regarding the firearms charge and the drug conspiracy charge. Upon a searching review of the parties' submissions,[1] the relevant authorities, and the record as a whole, the Court finds that Mr. Bowman is not entitled to the requested relief. Accordingly, the Court shall DENY Mr. Bowman's Motion to Vacate, Set Aside or Correct Sentence.

---

[1] In connection with this Memorandum Opinion and the accompanying Order, this Court considered Def.'s Mot. to Vacate, Set Aside or Correct Sentence, ECF No. 961; Def.'s Supp. Mem. of Law in Support of Mot., ECF No. 968; the Govt.'s Opp'n, ECF No. 982; and Def's Reply, ECF No. 990.

# I. BACKGROUND

*A. Arrest and Conviction*

In a superseding indictment filed on September 17, 2012, Mr. Bowman was charged with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, three counts of using, carrying and possessing a firearm during a drug trafficking offense, three counts of distribution of cocaine, and two counts of unlawful distribution of cocaine base occurring on July 1 and 7, 2000. Redacted Superseding Indictment, ECF No. 440. Upon motion by the Government, the two counts of unlawful distribution of cocaine base occurring on July 1 and 7, 2000 were dismissed by the Court on October 11, 2012. Two of the counts of using, carrying and possessing a firearm during a drug trafficking offense were consolidated into one count before the case went to the jury.

On November 20, 2012, following a month long jury trial, the jury found Mr. Bowman guilty on the following charges: 1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (21 U.S.C. §§ 846, 841 (a)(1) and (b)(1)(A)(ii)) (Count One), three counts of distribution of cocaine (21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C))(Counts Three-Five), and one count of using, carrying, and possessing a firearm (18 U.S.C. § 924(c)(1)) (Count Two). Verdict Form, ECF No. 653.[2] The facts underlying these charges may be summarized as follows: Mr. Bowman was an upper level manager of a wholesale cocaine trafficking organization operating in the District of Columbia (the "District") metropolitan area from January 2009 through April 26, 2011, when he was arrested as a result of an investigation by the Federal Bureau of Investigation and the Metropolitan Police Department. Mr. Bowman and his co-conspirators

---

[2] Mr. Bowman was acquitted by the jury of the second count of using, carrying, and possessing a firearm during a drug trafficking offense.

acquired large quantities of cocaine in California, shipped it to the District and distributed it to mid-level and street-level dealers. Mr. Bowman was primarily responsible for the logistics of paying the suppliers and arranging shipments of cocaine from California to the District. In this role, Mr. Bowman directed his co-conspirators to rent shipping pods in which to ship money and cocaine between the District and California. He also provided financing for the drug-trafficking organization, and he was involved in cutting and processing the cocaine received from California. *See* Govt's Mem. in Aid of Sentencing, ECF No. 696, at 1-2. During most of his pretrial and trial proceedings, Mr. Bowman was represented by a court-appointed attorney, Mr. Dwight Crawley. CJA 20 Appointment, ECF No. 24.

### *B. Sentencing and Appeal*

The court held a sentencing hearing on April 9, 2013, and Mr. Bowman was sentenced to two hundred forty (240) months of imprisonment on Counts 1, 3, 4 and 5, to run concurrently, and a term of three hundred (300) months of imprisonment on Count 2, to run consecutively to Counts 1, 3, 4 and 5, together with a supervised release period of one hundred and twenty (120) months on Count 1, sixty (60) months on Count 2, and seventy-two (72) months on Counts 3, 4, and 5, with supervised release running concurrently. Judgment in a Criminal Case, ECF No. 761. Mr. Bowman and co-defendant Mr. Williams directly appealed the judgment, arguing that: (1) the Court erroneously denied their motions to suppress evidence gained from wiretapping; (2) the Court erroneously allowed the government to present lay opinion testimony from the case investigator; (3) the Court should have granted the Mr. Williams' motion for severance and judgment of acquittal; and (4) the government engaged in unconstitutional overreaching in "wiring" the plea offers extended to Mr. Bowman and Mr. Williams.

The United States Court of Appeals for the District of Columbia Circuit rejected Mr.

Bowman's claims and affirmed his conviction on July 8, 2016. *United States v. Henry Brandon Williams*, 827 F.3d 1134 (D.C. Cir. 2016). Notably, the Circuit Court found that Mr. Bowman's due process challenge on the wired plea deals failed under *United States v. Pollard*, 959 F.2d 1011 (D.C. Cir. 1992). Under *Pollard*, a plea offer that is wired to co-defendants does not automatically offend due process so long as there is no indication of government coercion or bad faith, and in this case, "[n]othing in the record suggests that the Government wired Bowman's plea in a bad-faith effort to coerce him into involuntarily accepting a plea…" *United States v. Williams*, 827 F.3d at 1164-65. Furthermore, because the Government had probable cause to arrest and prosecute both Bowman and co-defendant Williams, Bowman "had 'no right to be offered a plea' at all much less the particular plea agreement of his choosing." *Id.* at 1165 (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012)).

### *C. Present Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255*

Pending before the Court is Mr. Bowman's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"). Mr. Bowman's Motion is premised on allegations of ineffective assistance of counsel related to his trial counsel, Dwight Crawley, and his appellate counsel, Julian S. Greenspun. More specifically, Mr. Bowman claims that his trial counsel failed to "address[ ] the fact that [he] was willing to accept a plea without inducing any other co-defendants to plea[d]" and to inform the Government that Mr. Bowman "still wanted to accept a plea" before trial and further, that counsel did not properly advise him of the consecutive nature of sentencing on the firearms counts. Def.'s Mot. To Vacate, Set Aside or Correct Sentence, ECF No. 961, at 4-5. Mr. Bowman asserts generally that his appellate counsel failed to raise these [same] issues on appeal. Additionally, Mr. Bowman claims that his trial counsel visited him rarely and he challenges the alleged unconstitutionality of the punishment imposed for his firearms and

4

drug conspiracy convictions.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, federal prisoners may file a motion to vacate, set aside or correct his sentence if he believes that the otherwise final sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The standard for granting such a motion is high, as courts want to generally respect the finality of judgments and note the opportunities already afforded to prisoners to raise objections during trial or on appeal. "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The petitioner has the burden of proof to demonstrate his right to such relief by a preponderance of the evidence. *United States v. Basu*, 881 F. Supp. 2d 1, 4 (D.D.C. 2012). A court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

With few exceptions, a prisoner may not raise a claim as part of a collateral attack if that claim could have been raised on direct appeal, unless he can demonstrate either: (1) "cause" for his failure to do so and "prejudice" as a result of the alleged violation, or (2) "actual innocence" of the crime of which he was convicted. *Bousley v. United States*, 523 U.S. 614, 622 (1998). However, "[w]here a petitioner raises claims of ineffective assistance of counsel in a § 2255 motion, he need not show 'cause and prejudice' for not having raised such claims on direct appeal, as these claims may properly be raised for the first time in a § 2255 motion." *United States v. Cook*, 130 F. Supp. 2d 43, 45 (D.D.C. 2000) (citation omitted), *aff'd*, 22 F. App'x 3 (D.C. Cir.

5

2001).

A defendant claiming ineffective assistance of counsel may raise it for the first time as a collateral attack, rather than on direct appeal, but must show (1) "that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms," and (2) "that this error caused [him] prejudice." *United States v. Hurt*, 527 F.3d 1347, 1356 (D.C. Cir. 2008) (citation omitted). For the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential" and defendant must "overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (internal quotation marks and citation omitted). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. It is the petitioner's burden to show that counsel's errors were "so serious" that counsel could not be said to be functioning as the counsel guaranteed by the Sixth Amendment. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). The Court must consider "counsel's overall performance," *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986), and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689.

Furthermore, the defendant must meet the second *Strickland* prong and "affirmatively prove prejudice." *Id.* at 693. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 669. *See also Cullen v. Pinholster*, 563 U.S. 170 (2011) (To find prejudice, the petitioner must show that there is "a substantial, not just conceivable, likelihood of a different

6

result."). An ineffective assistance of counsel claim is defeated if the defendant fails to demonstrate either prong.

### III. DISCUSSION

A district court may deny a Section 2255 motion without a hearing when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Whether or not to hold a hearing is a decision "committed to the district court's discretion, particularly when, as here, the judge who is considering the § 2255 motion also presided over the proceeding in which the petitioner claims to have been prejudiced." *United States v. Orleans-Lindsey*, 572 F. Supp. 2d 144, 166 (D.D.C. 2008); *see also United States v. Agramonte*, 366 F. Supp. 2d 83, 85 (D.D.C. 2005), *aff'd*, 304 Fed. App'x 877 (D.C. Cir. 2008). "The judge's own recollection of the events at issue may enable him summarily to deny a Section 2255 motion." *Agramonte*, 366 F. Supp. 2d at 85 (citing *United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992), *cert. denied*, 506 U.S. 915 (1992)). To warrant a hearing, the petitioner's Section 2255 motion must "raise[] 'detailed and specific' factual allegations whose resolution requires information outside of the record or the judge's 'personal knowledge or recollection.'" *Pollard*, 959 F.2d at 1031 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

Based on a review of the parties' pleadings and the entire record in the criminal proceeding, the Court finds that there is no need for an evidentiary hearing on the instant motion. As explained below, Mr. Bowman has not proffered detailed and specific factual allegations requiring this Court — which handled the trial and sentencing in this case — to look outside the record and hold a hearing on the issues raised in Mr. Bowman's motion. Accordingly, the Court shall render its findings based on the parties' pleadings and the record in this case.

Mr. Bowman raises claims of: (1) ineffective assistance of his trial counsel; (2) ineffective

assistance of his appellate counsel; and (3) the unconstitutionality of the length of his sentences. The court shall address each claim in turn.

### A. Ineffective Assistance of Trial Counsel

Mr. Bowman claims that his trial counsel: (1) failed to "address[ ] the fact that [he] was willing to accept a plea without inducing any other co-defendants to plea[d];" (2) failed to inform the Government that Mr. Bowman "still wanted to accept a plea" before trial; and (3) did not properly advise him of the consecutive nature of sentencing on the firearms counts. Def.'s Mot. To Vacate, Set Aside or Correct Sentence, ECF No. 961, at 4-5. Mr. Bowman's arguments center on his claim that trial counsel prevented him from entering a plea, thus subjecting him to trial and ultimately, a much higher sentence than what the Government had offered.

The Court relies on the record in this case in setting forth the history of Mr. Bowman's plea negotiations. The Government's first plea agreement offer to Mr. Bowman was for 25 years of imprisonment, but that plea agreement was "wired;" *i.e.*, contingent on the acceptance of a plea offer by one or more of his co-conspirators. Mr. Crawley informed the Court that Mr. Bowman "communicated to [him] that he did not want to accept [the plea] offer." Transcript ("Tr") of April 13, 2012 Status Hearing, ECF No. 890, at 19. Upon inquiry by the Court, Mr. Bowman indicated that he rejected this offer. *See id.* at 21-22 (the Court inquired if Mr. Bowman needed additional time to discuss the plea offer with his counsel before responding to the plea offer, but Mr. Bowman indicated that he was "not accepting [the plea offer]" and he was "satisfied with [his] decision.")

The Government's second plea agreement offer was for a sentence of no more than 23 years, and it was wired only to co-defendant Henry Brandon Williams ("Williams") accepting a plea offer. September 7, 2012 Status Hearing Tr., ECF No. 897, at 71, 75. Mr. Bowman was present when his counsel informed the Court on September 7, 2012 that Defendant wanted to

8

accept that offer but could not because of the wiring of the offer and his co-defendant Williams' refusal to enter a plea. *Id.* at 66. This Court noted that the conditions of the plea offer were within the Government's discretion. *Id*. at 75.

The third iteration of the Government's plea agreement offer was discussed by counsel in front of the Court and in the presence of Mr. Bowman, on October 22, 2012.[3] Mr. Crawley noted that the Government had held open its plea offer to Mr. Bowman, conditioned either on (1) c-defendant Williams pleading guilty, or (2) Mr. Bowman cooperating against his co-defendants. More specifically, "[Mr. Bowman] [was] made aware of the plea agreement which would require that he either cooperate against his co-defendants or that in the alternative[,] [if] Mr. Henry Williams decided to plead guilty, the Government would remove the wired aspect of the plea and allow Mr. Bowman to plead guilty." October 22, 2012 Trial Tr., ECF No. 929, at 7. Mr. Crawley indicated that Mr. Bowman did "not wish to engage in any discussions with the Government and [did] not wish to plead guilty based upon the offer that has been made to him." *Id.* That third offer — which was not necessarily wired — was accordingly rejected, and Mr. Bowman pled not guilty. On November 20, 2012, the jury found him guilty on all counts except for one count of using, carrying or possessing a firearm during a drug trafficking offense.

The Government made three plea offers, two of which were wired to one of Mr. Bowman's co-defendants accepting a plea, and the third which was either wired to a co-defendant's plea or required Mr. Bowman to cooperate and provide evidence against his co-defendants. Mr. Bowman was unable to accept any of the offers that were contingent on his co-defendant accepting a plea based on the co-defendant's refusal to do so. On September 7, 2012, Mr. Crawley informed

---

[3] Jury selection was ongoing on October 22, 2012, and the trial commenced on October 23, 2012.

opposing counsel and the Court that:

> [T]he last offer we had regarding Mr. Bowman is that if Mr. Williams were to plead guilty, the Government would seek a sentence under a Rule 11(c) to have his sentence capped at 23 years; that would be including both his charges here and his violation. Mr. Bowman is prepared to take that deal and would hope that they would unwire it. He would take the deal, Your Honor.

Tr., ECF No. 897, at 75. Mr. Williams was still unwilling to plead guilty.

The record in this case demonstrates however that Mr. Bowman could have accepted the final plea offer if he agreed to cooperate with the Government and testify against his co-defendants Edwards and Williams. The record shows that Mr. Bowman was aware of his opportunity to accept a plea deal that was not wired to his co-defendants, if he cooperated with the Government, and he elected not to do so, and Mr. Bowman has provided no evidence that challenges what the record shows. The record indicates further that Mr. Bowman's counsel not only requested that the Government unwire the plea, but he made it clear to the Government that Mr. Bowman was interested in a plea if the wired aspect of the plea was dropped or the condition that he cooperate against his co-defendants was removed. September 7, 2012 Status Hearing Tr., ECF No. 897, at 75; October 22, 2012 Trial Tr., ECF No. 929, at 7.

Additionally, the record contradicts Mr. Bowman's claims that he was not advised of the consecutive nature of sentencing on the firearm counts or the mandatory minimum sentence which would be imposed. At the April 13, 2012 Status Hearing, with Defendant present, Mr. Crawley stated on the record:

> So, essentially we're taking the case where the guidelines may call for 360 months to life, we're making it **essentially 45 years to life** because, as the Court is aware, once the mandatory minimums take effect, you cannot deviate from those. So he would be looking at essentially 45 years to life, and that's without any regard to whether or not the Court decided that the other convictions, what weight it would give to the other convictions as to what type of sentence you would ultimately fashion. **Obviously, the gun charge has to**

**run consecutive, the 924(c) charge has to run consecutive to the substantive gun charges**.

April 13, 2012 Status Hearing Tr., ECF No. 890, at 13 (emphasis added).

On October 22, 2012, with Defendant present, defense counsel made the following statements regarding sentencing:

> [W]hat I've always advised Mr. Bowman is that under the statute, as it relates to the conspiracy charge, he's looking at a mandatory minimum time of ten years, maximum punishment is life. Because the Government has filed an 851 notice and because it appears that he does have a prior conviction for a drug-related offense that would qualify as a predicate offense, that takes his **mandatory minimum from ten to 20 years on the conspiracy charge alone**. . . . At all times I've advised him that as it relates to the gun charges, that they would consolidate. . . . Because he has a prior conviction involving a 924(c) count. The consolidation of all the charges concerning the **924(c) counts** in this case would lead to a **mandatory sentence of 25 years consecutive**. That is based on a second or subsequent conviction for the 924(c) counts. That being said, my advice to Mr. Bowman has always been that at a minimum, if he were found guilty without regard to any other issues concerning the sentencing guidelines or otherwise, that this Court would have to sentence him to 45 years to life, and that **the Court could not depart from the 45-year mandatory minimum for any reason**.

Tr., ECF No. 929, at 6-7 (emphasis added). Accordingly, Defendant was informed that the gun charge sentence would be consecutive and told that the total mandatory minimum sentence as indicated would consist of a total 20 years and 25 years or a 45-year sentence which the Court would be required to impose

Finally, Mr. Bowman's broad claims that his counsel "visit[ed] [him] scarcely," and "took [him] to trial without preparing adequately" are not actionable because they are unsupported by any facts, and the Court shall summarily deny these claims as vague and conclusory. *See Mitchell v. United States*, 841 F.Supp.2d 322, 328 (D.D.C. 2012) ("district courts have the power to deny § 2255 motions if they offer only bald legal conclusions with no supporting factual allegations"). Moreover, it is the Court's observation that Mr. Crawley was well prepared to go to trial.

Mr. Bowman cannot establish counsel's deficient performance under the first prong in *Strickland*, as nothing in the record supports Defendant's claims that counsel's performance fell below an objective standard of reasonableness. Mr. Crawley made it clear to the Government and this Court that Mr. Bowman was willing to accept a plea offer that was not wired. Counsel even suggested that the Government unwire the plea offer, but when there was a later unwired plea offer, which required Defendant's cooperation, Mr. Bowman voluntarily elected not to take it. In the presence of Mr. Bowman, his counsel stated on the record that he discussed with Defendant the consecutive nature of the firearm sentences.

Even assuming *arguendo* that the Court found Mr. Bowman's counsel did not behave in a professionally reasonable manner, Mr. Bowman does not meet the second prong in *Strickland* because he fails to prove that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Mr. Bowman could not have accepted the wired plea deals without his co-Defendants' cooperation and he willingly chose not to accept the final plea deal requiring cooperation even after he had been advised of the prospective mandatory minimum sentence which would be imposed, including a consecutive sentence. Mr. Bowman has not proven that his counsel behaved in a professionally unreasonable manner which unjustly prejudiced him, and neither prong of the standard in *Strickland* has been met.

### B. *Ineffective Assistance of Appellate Counsel*

Mr. Bowman argues also that his appellate counsel rendered ineffective assistance by "fail[ing] to raise all of the above mention[ed] arguments." Def's Supp. Mem. In support of Mot., ECF No. 968, at 9. Similar to some of his claims about his trial counsel being ineffective, addressed above, this claim is vague and conclusory, and it must be denied for the same reason. Furthermore, even where claims of appellate ineffectiveness may be raised and sufficiently pled,

"it is difficult to show deficient performance under those circumstances because counsel 'need not (and should not) raise every non-frivolous claim on appeal and may instead select from among them in order to maximize the likelihood of success of appeal.'" *Cargel v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

Given that Mr. Bowman's proposed claims lack merit, the Court finds that appellate counsel did not act in an objectively unreasonable manner by failing to raise these issues on appeal. "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 56 (1986 (quoting *Jones v. Barnes*, 462 U.S. 745, 751-52 (1983)). Mr. Bowman has not established deficient performance or prejudice with respect to his appellate counsel.

### C. *Unconstitutionality of Sentences*

Mr. Bowman claims that his sentence for the drug conspiracy count, Count One, is unconstitutional because "the district judge followed the presentence report recommendations and raised the base offense level above the require[d] sentencing guideline calculation." Def's Mot. To Vacate, Set Aside or Correct Sentence at 2. The facts determined at trial established that Mr. Bowman possessed with the intent to distribute more than 50 kilograms but less than 150 kilograms of cocaine, and Mr. Bowman's base offense level properly accounted for the 50 kilograms but less than 150 kilograms of cocaine. *See* Final PSI Report, ECF No. 689, at 9. Additionally, Mr. Bowman claims — without further argument or explanation — that his "[f]irearms sentence is unconstitutional." *See* Def,'s Mot. to Vacate, Set Aside or Correct Sentence, ECF No. 961, at 6 (referencing this issue in one sentence). Because this claim is vague, conclusory, and without support, it may be summarily denied. *See Mitchell*, *supra.*, 841 F.Supp.2d at 321.

Mr. Bowman did not raise on direct appeal his claims that his firearm and drug conspiracy sentences are unconstitutional, and more than the punishment allowed by the statute. Def's Supp. Mem., ECF No. 968, at 5. The law is clear that if a defendant fails to raise an available challenge on direct appeal, he is procedurally barred from raising the claim in a subsequent collateral attack, unless he shows cause for failure to do so and prejudice as a result of his failure. *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003); *see McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991); *United States v. Frady*, 456 U.S. 152, 168 (1982).

Mr. Bowman's claims that his sentenced are unconstitutional are procedurally barred because they were not raised on direct appeal nor does he show cause or prejudice. Mr. Bowman asserts that he failed to raise the issues on appeal because of ineffective assistance of counsel but his claims are conclusory and vague. Mr. Bowman's claim that his "Appeal counsel failed to raise all of the above mention[ed] arguments" is insufficient to show cause. To establish cause, a defendant must demonstrate "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim." *McCleskey*, 499 U.S. at 493. Additionally, Mr. Bowman must show *actual* prejudice, which means: "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted).

Mr. Bowman's claim that his sentence for the drug conspiracy count is unconstitutional is belied by the "[e]vidence at trial, which included witness testimony, controlled narcotics purchases and documentary evidence" establishing the amount of drugs for which Mr. Bowman was accountable. Final PSI Report, ECF No. 689, at 9. Furthermore, this Court has already addressed the appropriateness of Mr. Bowman's sentence, including a gun charge sentence that was

14

consecutive and the imposition of a mandatory minimum sentence. Accordingly, Mr. Bowman is unable to show actual prejudice because raising these issues on appeal would have warranted him no relief. Accordingly, Mr. Bowman's claims that his sentencings on the firearms and drug conspiracy charges are unconstitutional are procedurally barred because these claims were not raised on direct appeal nor does he show cause or prejudice

## IV. CONCLUSION

For all of the foregoing reasons, the Court shall DENY Mr. Bowman's [961] Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Furthermore, no Certificate of Appealability shall issue from this Court. To the extent Mr. Bowman intends to file an appeal, he must seek a Certificate of Appealability from the United States Court of Appeals for the District of Columbia Circuit in accordance with Federal Rule of Appellate Procedure 22.

An appropriate Order accompanies this Memorandum Opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE