# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

  Plaintiff,

    v.

WILLIAM MARTIN BOWMAN,

  Defendant.

**Criminal No. 11-00129-2 (CKK)**

## MEMORANDUM OPINION
(October 16, 2019)

Presently before the Court is *Pro Se* Defendant William Bowman's [1011] Motion for Leave to File Notice of Appeal and/or Motion for Reconsideration; the United States' [1028] Opposition to the Defendant's Motion; and the Defendant's [1037] *Pro Se* Reply to the Opposition. Defendant William Bowman ("Defendant" or "Mr. Bowman") requests that this Court reconsider its December 3, 2018 Order denying his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, wherein Defendant requested that this Court vacate or reduce his sentence based upon his claims of ineffective assistance of counsel and his challenges to the constitutionality of his sentence regarding the firearms charge and the drug conspiracy charge.[1] Upon a searching review of the parties' submissions, the relevant authorities, and the record as a whole, the Court finds that Mr. Bowman is not entitled to the requested relief. Accordingly, the

---

[1] In that [1003] December 3, 2018 Order, the Court ordered that "no certificate of appealability shall issue from this Court" and if Defendant intended to file an appeal, "he must seek a Certificate of Appealability from the United States Court of Appeals for the District of Columbia Circuit[.]"

1

Court shall DENY Mr. Bowman's [1011] Motion for Leave to File Notice of Appeal and/or Motion for Reconsideration.

## I. BACKGROUND[2]

**A. Arrest and Conviction**

In a superseding indictment filed on September 17, 2012, Mr. Bowman was charged with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, three counts of using, carrying and possessing a firearm during a drug trafficking offense, three counts of distribution of cocaine, and two counts of unlawful distribution of cocaine base occurring on July 1 and 7, 2000. Redacted Superseding Indictment, ECF No. 440. Upon motion by the Government, the two counts of unlawful distribution of cocaine base occurring on July 1 and 7, 2000 were dismissed by the Court on October 11, 2012. Two of the counts of using, carrying and possessing a firearm during a drug trafficking offense were consolidated into one count before the case went to the jury.

On November 20, 2012, following a month long jury trial, the jury found Mr. Bowman guilty on the following charges: 1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (21 U.S.C. §§ 846, 841 (a)(1) and (b)(1)(A)(ii)) (Count One), three counts of distribution of cocaine (21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C)) (Counts Three-Five), and one count of using, carrying, and possessing a firearm (18 U.S.C. § 924(c)(1)) (Count Two). Verdict Form, ECF No. 653.[3] During most of his pretrial and trial proceedings, Mr. Bowman was represented by a court-appointed attorney, Mr. Dwight Crawley. CJA 20

---

[2] This Background section borrows heavily from the Background section in this Court's December 3, 2018 [1004] Memorandum Opinion.
[3] Mr. Bowman was acquitted by the jury of the second count of using, carrying, and possessing a firearm during a drug trafficking offense.

Appointment, ECF No. 24.

**B. Sentencing and Appeal**

The court held a sentencing hearing on April 9, 2013, and Mr. Bowman was sentenced to two hundred forty (240) months of imprisonment on Counts 1, 3, 4 and 5, to run concurrently, and a term of three hundred (300) months of imprisonment on Count 2, to run consecutively to Counts 1, 3, 4 and 5, together with a supervised release period of one hundred and twenty (120) months on Count 1, sixty (60) months on Count 2, and seventy-two (72) months on Counts 3, 4, and 5, with supervised release running concurrently. Judgment in a Criminal Case, ECF No. 761. Mr. Bowman and co-defendant Mr. Williams directly appealed the judgment, but the United States Court of Appeals for the District of Columbia Circuit rejected Mr. Bowman's claims and affirmed his conviction on July 8, 2016. *United States v. Henry Brandon Williams*, 827 F.3d 1134 (D.C. Cir. 2016), *cert den.*, 137 S. Ct. 706 (2017)

**C. Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255**

Mr. Bowman filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. Section 2255, which was premised on allegations of ineffective assistance of counsel related to his trial counsel, Dwight Crawley, and his appellate counsel, Julian S. Greenspun. More specifically, Mr. Bowman claimed that his trial counsel failed to "address[ ] the fact that [he] was willing to accept a plea without inducing any other co-defendants to plea[d]" and to inform the Government that Mr. Bowman "still wanted to accept a plea" before trial and further, that counsel did not properly advise him of the consecutive nature of sentencing on the firearms counts. Def.'s Mot. To Vacate, Set Aside or Correct Sentence, ECF No. 961, at 4-5. Mr. Bowman asserted generally that his appellate counsel failed to raise these same issues on appeal. Additionally, Mr. Bowman claimed that his trial counsel visited him rarely and he challenged the alleged

unconstitutionality of the punishment imposed for his firearms and drug conspiracy convictions. On December 3, 2018, this Court issued its [1004] Memorandum Opinion finding that Mr. Bowman had "not proven that his [trial ]counsel behaved in a professionally unreasonable manner which unjustly prejudiced him, and neither prong of the standard in [the] *Strickland* [case] had been met." December 3, 2018 Mem. Op., ECF No.1004, at 12. Furthermore, Mr. Bowman had "not established deficient performance or prejudice with respect to his appellate counsel" and his "claims that his sentences on the firearms and drug conspiracy charges [were] unconstitutional [were] procedurally barred because these claims were not raised on direct appeal nor [did] he show cause or prejudice." *Id.* at 15. Accordingly, the Court denied Mr. Bowman's [961] Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. December 3, 2018 Order, ECF No. 1003.

### D. Motion to File Notice of Appeal and/or for Reconsideration

In his [1011] Motion to File Notice of Appeal and/or for Reconsideration ("Def's Mot."), Defendant argues generally that the Court's decision is "contrary to establish[ed] law concerning 6th Amendment Rights," because he satisfied "both parts of the two-pronged test set forth in *Strickland v. Washington.*" Def.'s Mot., ECF No. 1011, at 1-2. Defendant provides no information relevant to his claim that counsel was ineffective other than the same statements that were previously proffered to this Court. Defendant does assert however that the First Step Act of 2018 "gives discretion to the district court to reevaluate petitioner's judgment and conviction," with respect to his conviction pursuant to 18 U.S.C. § 924(c). *Id.* at 2. The United States filed its [1028] Opposition to the Defendant's Motion, and Defendant filed his [1037] Reply, wherein he raised for the first time a claim relating to the holding in *United States v. Davis*, 139 S. Ct. 2319 (2019) (finding unconstitutionally vague the residual clause of 18 U.S.C. § 924(c)(3)(B)).

Defendant's Motion is ripe for resolution by this Court.

## II. LEGAL STANDARD

"A[n] appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). In the event that a claim is denied on the merits, a certificate of appealability ("COA") may be granted "only if the [defendant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see also United States v. Vargas*, 393 F.3d 172, 175 (D.C. Cir. 2004), *cert. den.*, 546 U.S. 1011 (2005). A "substantial showing" requires that the defendant "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (a petitioner must show that constitutional "issues are debatable among jurists of reason . . . ").

This case involves constitutional claims that the Defendant's Sixth Amendment right to counsel was denied. Claims based on ineffective assistance of counsel are analyzed in accordance with the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires the defendant to prove by a preponderance of the evidence that his counsel's performance was "deficient" insofar as he made "errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The defendant must also demonstrate that the "deficient performance prejudiced [his] defense." *Id.*. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* at 694.

## III. DISCUSSION

### A. Prior Determination on Ineffective Assistance of Counsel

This Court held previously that a COA would not be issued in connection with any ineffective assistance of counsel claims raised by Mr. Bowman raised in his § 2255 motion, applying the rationale that reasonable jurists would not find debatable this Court's rejection of Mr. Bowman's ineffectiveness claims, where such rejection was based on the record in this case. *See* December 3, 2018 Mem. Op., ECF No. 1004 (accompanying the Order denying Defendant's Section 2255 motion). The record indicates that the Government made three plea offers to Mr. Bowman — two of which were contingent upon one or both of the co-defendants accepting a plea and one which was either wired to a co-defendant's agreement to plead guilty, or which required Mr. Bowman to cooperate and testify against his co-defendants. December 3, 2018 Mem. Op., ECF No. 1004, at 8-10, 12. While in court, Defendant confirmed that he rejected the first plea offer. *Id.* at 8. Mr. Bowman was present when his trial counsel indicated that Defendant wanted to accept the second offer, but it was contingent on co-defendant Williams accepting a plea, and Williams refused to do so. *Id.* at 8-9. Mr. Bowman was present also during discussion of the third plea offer, which was not necessarily wired. At that time, Mr. Bowman did not disagree with his trial counsel's representation that he did not wish to engage in any discussions with the Government [i.e., cooperate], and co-defendant Williams was still unwilling to plead guilty. Mr. Bowman's trial counsel indicated that Mr. Bowman was interested in a plea if the wired aspect of

6

the plea was dropped or the condition that he cooperate was removed. *Id.* at 9-10.

The record in the case further supports this Court's finding that Defendant was advised that the conviction on the Section 924(c) count would result in a consecutive mandatory minimum sentence. Defendant was present at a status hearing where his trial counsel stated on the record these sentencing consequences, and later when the consequences were reiterated by trial counsel at another status hearing. *Id.* at 10-11.

Even though this Court found that Defendant had not met the first prong under *Strickland*, the Court examined the second prong and noted that Defendant could not have accepted any of the wired pleas because they were contingent on actions by his co-defendants, and he chose not to accept the plea that was not wired because it required his cooperation with the Government. *Id.* at 12. The Court found further that Defendant's claims of ineffective assistance of appellate counsel were unwarranted because they were vague and conclusory. *Id.*

Defendant's instant Motion provides no basis to support his claim that a reconsideration of this Court's denial of his § 2255 motion is warranted and/or that a Certificate of Appealability should issue with regard to his Sixth Amendment claims of ineffective assistance of counsel.

**B. First Step Act**

In his Motion, Defendant refers to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, in connection with a challenge to his conviction on the Section 924(c) charge. The Government asserts preliminarily that this Court should treat the Defendant's First Step Act claim as a successive motion under 28 U.S.C. § 2255. Alternatively, the Government suggests that this claim may be summarily denied because Defendant does not qualify under Section 403 of the First Step Act. The Court will address that alternative argument, which effectively negates Defendant's claim and avoids any unnecessary pursuit by the Defendant of a successive Section 2255 claim.

The First Step Act, which took effect on December 21, 2018, *inter alia*, amended 18 U.S.C. § 924(c) to reduce the severity of "stacking" multiple convictions. *See* First Step Act, Section 403. Previously, a defendant convicted of a § 924(c) offense triggered a mandatory 25-year sentence for each additional § 924(c) conviction under the statute's "second or subsequent count of conviction" provision regardless of whether the convictions were the result of the same indictment. *Deal v. United States*, 508 U.S. 129, 130-31 (1993). This rule was changed by the First Step Act with the effect that the higher 25-year sentence only applies to repeat offenders, *i.e.*, defendants who violate § 924(c) after a prior conviction under the statute had become final. *See* First Step Act of 2018, Section 403, 132 Stat. at 5222 ("[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.) In this case, Defendant's prior § 924 (c) conviction, from 2001, became final long before the violation in this case. *See United States v. White*, Criminal Action No. 93-97, 2019 WL 3719006 (slip op.) *18 ("Section 403, to clarify 18 U.S.C. § 924(c)'s penalty provisions, appl[ies] to "any offense that was committed before the" First Step Act's enactment, "if a sentence for the offense" had "not been imposed" by that date.") In *White*, the Honorable Beryl A. Howell, Chief Judge, noted that Section 403 is "not retroactively available to those already sentenced." *Id.* (citing *United States v. Wiseman*, No. 18-3904, 932 F.3d 411, --- , 2019 WL 3367615, at *3 (6th Cir. July 26, 2019)).[4] Accordingly, because Defendant's prior conviction became final years before the violation in this case, Defendant is not eligible for retroactive application of First Step Act Section 403 sentencing relief.

---

[4] In its Opposition, the Government cites several district court cases from other districts for the proposition that Section 403 is not retroactive. Govt. Opp'n, ECF No. 1028, at 11 (string cite).

Mr. Bowman's Reply raises an additional argument that was not addressed in his Motion or raised in the Government's Opposition. In the interest of judicial economy, this Court will briefly address that argument. Defendant asserts that the ruling in *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019) (finding that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague) is applicable to his case. Defendant is incorrect insofar as his Section 924(c)(1) violation for "using, carrying and possessing a firearm during a drug trafficking offense" was not based upon the residual clause (requiring an interpretation of the term "crime of violence") but was instead based upon his having committed a drug trafficking offense. *See* 18 U.S.C. § 924(c)(2) (specifically defining a drug trafficking offense).[5] Accordingly, Defendant is not entitled to relief pursuant to application of the *Davis* case.

### IV. CONCLUSION

For the reasons set forth herein, the Defendant's [1011] Motion for Leave to File Notice of Appeal and/or Motion for Reconsideration shall be DENIED. Defendant has not made a substantial showing that his Sixth Amendment right to counsel was denied in this case, and thus, no Certificate of Appealability will issue. Furthermore, Defendant's Section 403 First Step Act fails because of the timing of the finality of his prior conviction. A separate Order accompanies this Memorandum Opinion.

DATED: October 16, 2019

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

---

[5] Mr. Bowman references *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that in a prosecution under 18 U.S.C. Section 922(g) and 18 U.S.C. Section 924(a)(2), the Government must prove that: (1) the defendant knew he possessed a firearm and (2) the defendant knew that he fell within one of the relevant categories of people barred from firearm possession). This case referenced by Defendant is unconnected to the firearms charge on which Defendant was prosecuted.